**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **JEFFREY WAYNE WOLFORD** ) | **CASE NO. 05-75793** |
| ) | |
| **Debtor.** ) | **CHAPTER 13** |

_____

## MEMORANDUM DECISION

The matter before the Court is the effect of the Debtor's failure to receive credit counseling and failure to file a certificate of exigent circumstances. After due consideration of the facts and circumstances of this case and the applicable law, the Court concludes that the Debtor's case should be dismissed without prejudice.

### FINDINGS OF FACT

The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 17, 2005. On October 24, 2005, the Court issued a deficiency Order as the petition was filed without certain required documents and without a certification that the debtor received credit counseling in the 180 day period preceding the filing of the petition or a certification of exigent circumstances. Said Order stated that the case might be dismissed without further notice or hearing upon the "failure to cure said deficiency(ies) within fifteen (15) days from this date, or to file a pleading within such time requesting a hearing upon such asserted deficiency(ies). . ." On November 9, 2005, the Debtor, through counsel filed a Motion for Extension of Time stating: "On or about October 28, 2005 debtor(s) discovered he would be unable to file under the old bankruptcy act and in order to confirm to the new bankruptcy act, additional time is requested in order to reschedule an appointment with his attorney, arrange

credit counseling as required and all other matters related thereto." An Order granting this motion and extending the time to provide such information to December 12, 2005 was entered on November 14, 2005. On February 16, 2006, an Order converting the case to a Chapter 13 case was entered. To date, no certification of credit counseling has been filed with the Court. Additionally, at a hearing on April 5, 2006, counsel acknowledged that the Debtor did not request credit counseling prior to filing his petition.

CONCLUSIONS OF LAW

Jurisdiction

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. This is a "core" bankruptcy matter pursuant to 28 U.S.C. § 157(b)(2)(A).

Dismissal under 11 U.S.C. § 109(h)

Because this case was filed on October 17, 2005, it is governed by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L 109-8, 119 Stat. 23 (April 20, 2005). Under this law, an individual may not be a debtor unless, during the 180-day period preceding the date of filing of the petition, he or she received from an approved nonprofit budget and credit counseling agency an individual or group briefing that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis. 11 U.S.C. § 109(h)(1). The requirement may be deferred with respect to a debtor who submits to

the court a certification that

> (i) describes exigent circumstances that merit a waiver of the requirement of paragraph (1);
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
>
> (iii) is satisfactory to the court.

11 U.S.C. § 109(h)(3)(A). All of these three conditions must be satisfied.

      The Debtor's petition was filed on October 17, 2005. The Debtor's petition did not make any reference to credit counseling. The Debtor did not file a certificate that he received credit counseling, nor did he file a certification of exigent circumstances or state that he requested credit counseling services but was unable to obtain the services within five days of the request. Debtor's counsel acknowledged that the Debtor did not request credit counseling before filing.

      Section 109(h) is clear that in the absence of credit counseling in the 180 days preceding the filing, or a statement, not only of exigent circumstances, but also that the debtor attempted but was unable to obtain counseling within five days of the request, the certification is insufficient, leaving the court with no choice but to dismiss the case. *In re Louredo*, No.05-15846-SSM, slip op. at 1-2 (Bankr. E.D. Va., November 16, 2005) (citing *In re Watson*, No. 05-77864-DHA (Bankr. E.D.Va., November 3, 2005)). "Congress clearly intended, except in specific limited circumstances, that credit counseling <u>precede</u> a bankruptcy filing precisely so that persons considering a bankruptcy filing could be informed about, and have an opportunity to consider, alternatives to bankruptcy." *Id*. at 2. The statute does not excuse ignorance of its

requirements and requires the court to dismiss the case if the debtor has not obtained credit counseling before filing unless he certifies that he requested same and it was not available within five days of the request.  In the instant case, the Debtor did not obtain credit counseling in the 180 days prior to the filing of his petition, nor did he file a certification of exigent circumstances or state that he requested credit counseling and was unable to receive it within five days of the request.  Counsel for the Debtor has argued that this Court's November 14, 2005 order granting the Motion to Extend granted the Debtor the opportunity to obtain post-filing credit counseling and that he has relied upon that in moving forward with his case; in short, that such order created the law of the case which ought not to be altered now.  The Court rejects such argument because, even if the Court's order could create a safe harbor from the express requirement of the statute, the Motion in question did not by its terms seek a waiver of the requirement or indicate that the Debtor had not sought credit counseling before filing.  If he had sought such counseling and it had not been available within the five day period prescribed by the statute, it would have been permissible to obtain the counseling after filing the petition.  Accordingly, the November 14 order did not have the effect ascribed to it by counsel.  Therefore, the Debtor's case must be dismissed.

## CONCLUSION

Based upon the above authorities, the Court concludes that the Debtor's case must be dismissed without prejudice.  An order to such effect will be entered contemporaneously with the signing of this Decision.  The Clerk is requested to send a copy of this Memorandum Decision to each of the following:  the Debtor, counsel for the Debtor, the Trustee, and the

Office of the United States Trustee.

    This 19th day of April, 2006.

/s/ William F. Stone, Jr.
_____
UNITED STATES BANKRUPTCY JUDGE